IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES TYRONE HOSKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv189 |
| JODY R. UPTON | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James Tyrone Hoskins proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court referred the matter to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable orders of this court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this case. The magistrate judge recommends the petition be dismissed.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections in light of the pleadings and the applicable law. After careful consideration, the court is of the opinion the objections are without merit. Petitioner complains his plea agreement was breached because the trial court ordered him to pay restitution even though the plea agreement contained no provision concerning restitution. The magistrate judge correctly concluded that while 28 U.S.C. § 2241 allows the court to consider petitions in which the petitioner complains he is improperly in custody, the current petition is not cognizable under Section 2241 because petitioner merely challenges whether he should be forced to pay restitution, not whether he should be in custody.

Furthermore, petitioner's claim is barred because the claim was not raised on direct appeal.  *See Bousley v. U.S.*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1611 (1998) (where a petitioner fails to raise a claim on direct appeal, it may be raised in habeas only if petitioner demonstrates either: 1. cause for the failure and resulting prejudice; or 2. that he is actually innocent); s*ee also U.S. v. Jones*, 172 F.3d 381 (5th Cir. 1999).  On appeal petitioner asserted issues regarding his sentence for bank robbery, but did not raise the issue of restitution.  Absent a showing of either: 1) "cause" and actual prejudice; or 2) actual innocence, petitioner's claim is barred and may not be brought on a writ of habeas corpus.

## ORDER

Accordingly, the objections are **OVERRULED**.  The proposed findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**.  A final judgment will be entered dismissing this petition.

So **ORDERED** and **SIGNED** this **4**  day of **June, 2010.**

_____
Ron Clark, United States District Judge